IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIS GORDON,

                Plaintiff,

      v.                            CASE NO.   11-3156-SAC

RAY ROBERTS,
et al.,

                Defendants.

### MEMORANDUM AND ORDER

This pro se civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Plaintiff seeks money damages and injunctive relief based upon claims including denial of court access, deliberate indifference to his medical needs and safety, denial of due process in disciplinary proceedings, and retaliation. Having considered all materials filed thus far, the court finds that plaintiff's allegations fail to state a claim. He is required to submit a complete Amended Complaint that cures the deficiencies discussed herein, or this action will be dismissed.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

The fee for filing a civil rights complaint is $350.00. Plaintiff has filed an Application to Proceed Without Prepayment of Fees. He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account

as authorized by 28 U.S.C. § 1915(b)(2)[1].

Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has not provided this certified copy of his inmate account. This action may not proceed until Mr. Gordon provides the financial information required by federal law. He will be given time to do so, and is forewarned that if he fails to comply with the provisions of § 1915(a) within the time allotted, this action may be dismissed without further notice.

**MOTION TO AMEND COMPLAINT**

Plaintiff's Motion for Leave to Amend Complaint (Doc. 4) improperly includes additional defendants, many jumbled statements and allegations, and claims that he apparently intends to put into the amended complaint that he seeks permission to file. The correct procedure for seeking leave to amend a complaint is to file a separate Motion to Amend stating the reasons for seeking leave, and then to attach a complete, proposed amended complaint to the motion. Plaintiff's motion for leave was unnecessary because plaintiff was entitled to file a First Amended Complaint as a matter of right. Nevertheless, the court grants the instant motion.

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

However, plaintiff is now required by the court to submit his First Amended Complaint. The court does not consider any part of his motion to amend as a First Amended Complaint. The allegations in the motion are not upon forms for filing a § 1983 complaint, and are otherwise deficient in several respects. Plaintiff is given time to prepare and submit a complete, Amended Complaint upon forms provided by the court.

Plaintiff's First Amended Complaint, once filed, will completely supercede his original complaint, which means that the original complaint will then be of no further effect and will no longer be considered herein. For this reason, plaintiff must state all his claims and allege all facts in support in his Amended Complaint. He may not simply refer to his original complaint or to the contents he has improperly included in his motion to amend.

**COMPLAINT MUST BE ON FORMS**

Under D.Kan.Rule 9.1(a), a pro se prisoner litigant is required to submit a civil complaint on court-approved forms. Mr. Gordon will be given time to submit his First Amended Complaint upon forms that are provided by the court. His failure to comply with this requirement in the time allotted may result in this action being dismissed without prejudice and without further prior notice.

Plaintiff must follow the directions provided with the form complaint by stating each of his claims as separate counts on the forms. He then must allege the facts upon which he bases each claim in the space for supporting facts under that particular claim.

**DEFENDANTS**

The caption on the original complaint included no name but Ray Roberts as defendant. Rule 10 of the Federal Rules of Civil Procedure requires that every party be named in the caption of the complaint. Thus, the court might have treated the original complaint as against defendant Roberts only. Plaintiff did elsewhere plainly describe Roger Werholtz as a defendant, but no other defendants were properly named or described in the initial complaint. Consequently, the court would have treated that complaint as against Roberts and Werholtz only. Before screening was completed upon the original complaint however, plaintiff filed his motion to amend.

Plaintiff indicates in his motion to amend that he wishes to amend his complaint to name the following defendants: State of Kansas; Kansas Department of Corrections (KDOC); Correct Care Solutions (CCS); Ray Roberts, Secretary of Corrections (SOC); Roger Werholtz, former SOC; Sam Cline, Warden, Hutchinson Correctional Facility, Hutchinson, Kansas (HCF); James Hemigartner, Warden, El Dorado Correctional Facility, El Dorado, Kansas (EDCF); M. Tucker, Correctional Officer, HCF; and "Unnamed and Unknown Agents and Employees" of the KDOC.

Plaintiff must name every defendant that he intends to sue in the caption of his First Amended Complaint.

**SCREENING**

Because Mr. Gordon is a prisoner, the court will be required by statute to screen his First Amended Complaint and to dismiss the

4

complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

**LEGAL STANDARDS**

The following legal standards will be applicable to plaintiff's First Amended Complaint. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570 (citation omitted). The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations

5

in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). It is thus well-settled that a supervisor's liability may not be predicated solely upon a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995). As the U.S. Supreme Court recently explained in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009):

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. (citations omitted). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Id.

**FACTS ALLEGED AND CLAIMS**

From plaintiff's motion to amend, the court summarizes the claims that plaintiff apparently intends to present as follows: (1) he has been denied adequate medical treatment for lacerations on fingers of his right hand, (2) his access to actions he filed in state courts has been impeded by interprison transfers, (3) defendant Tucker's deliberate indifference to his safety resulted in his being assaulted by other inmates, (4) he has been subjected to retaliatory disciplinary actions and transfers for litigating civil actions against the KDOC and defendant Tucker, (5) he has been denied due process in disciplinary actions.  Plaintiff is warned that these facts and allegations in his motion to amend, if simply repeated in his Amended Complaint, will be found to have the following deficiencies.

**STATE AND ITS AGENCIES ARE IMMUNE**

Plaintiff seeks to name the State of Kansas and KDOC as defendants.  The State and its agencies are not "persons" that may be sued under 42 U.S.C. § 1983.  Moreover, plaintiff may not recover money damages against either the State or its agency KDOC, as they are absolutely immune to suit for money damages.  In addition, plaintiff does not describe any particular policy established by either of these entities, or private corporation CCS, which would render them liable for a federal constitutional violation under § 1983.  He has been advised of this requirement in prior cases.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION**

Plaintiff alleges that defendants Werholtz and Roberts were

7

"responsible for ensuring the safety" of and providing adequate medical care for "the prisoners under (their) supervision." As discussed in the foregoing legal standards, neither of these officials, nor the two wardens also named, may be held liable to plaintiff based solely upon their supervisory capacities. Plaintiff has not alleged facts showing the direct personal involvement of any of these officials in his medical care, his interprison transfers, his being in danger from inmate assaults, or disciplinary actions taken against him.

Plaintiff must refer to each defendant by name, not only in the caption of his Amended Complaint, but also in its body, where he must describe the acts of each defendant, including dates and circumstances, showing their direct personal participation in the alleged violations of his constitutional rights. The only person whose personal acts are at all described in plaintiff's current allegations is defendant Tucker, and then only in connection with one of his several claims. If plaintiff fails to allege facts sufficient to show the personal participation of any named defendant in the body of his Amended Complaint, this action will be dismissed as against that defendant without further notice.

Plaintiff's reference to unnamed defendants, with no suggestion as to their identity or description of the unconstitutional acts in which they participated, is not sufficient to allow this action to proceed with John Doe defendants.

**IMPROPER JOINDER**

Plaintiff may not sue different defendants based upon events that all named defendants were not involved in, except when the

events arose from the same transaction or set of transactions. It appears that not all plaintiff's claims raised herein against all the named defendants are related in such a way that they may be properly joined in this single action. Claims or defendants that are improperly joined in the First Amended Complaint will be dismissed without further notice.

**CLAIM OF DENIAL OF MEDICAL TREATMENT**

Plaintiff's claim that he has been deprived of adequate medical treatment for his fingers is not supported by sufficient facts to state a claim of cruel and unusual punishment. His allegations indicate instead that this claim amounts to nothing more than either a claim of negligent medical treatment or a difference of opinion between him and the prison medical providers as to what constitutes adequate medical treatment. It is well-settled that neither negligent treatment nor an inmate's mere disagreement with the treatment provided states a federal constitutional violation. Plaintiff's bald allegations that he needs additional surgery and should be allowed to consult with a surgeon for a proper evaluation, without more, are not sufficient to establish that the treatment he admittedly has been provided is constitutionally inadequate.

**CLAIM OF DENIAL OF ACCESS**

Plaintiff's allegations of denial of access are deficient in that he does not allege facts showing any actual injury to specific litigation in either state or federal court. It is well-established that a prison inmate has a constitutional right of access to the

courts. However, to state a claim of denial of that right, an inmate must allege actual prejudice to contemplated or existing litigation. For example, he must allege facts showing that a nonfrivolous legal claim has been significantly impeded or dismissed. Plaintiff has been advised in prior cases of this requirement.

As factual support for this claim, Mr. Gordon alleges that he has filed "identical claims in 3 state court districts" with five different case numbers. His allegations regarding the state actions he has filed and his several transfers, even taken as true, do not show any actual injury to his state litigation. Plaintiff states that he "felt forced to re-file his complaint" after one such transfer. However, his filing of duplicate claims in different courts, the setting of several court dates, and the consolidation of two of his cases suggest that he has been provided with ample access, rather than denied access by any named defendant. In addition, the fact that plaintiff was ordered by a state court to provide a more detailed statement of his claims and the relief sought suggests that, at least in that state case, he did not present a non-frivolous claim.

Any claim that plaintiff has been denied access to this court is not supported by factual allegations, and is refuted by the fact that he has managed to file the instant action and documents herein.

**CLAIM OF DELIBERATE INDIFFERENCE TO DANGER FROM ASSAULT**

In support of this claim, plaintiff alleges that in February 2010, he "discretely reported" to defendant Tucker at HCF that he had been assaulted in his cell by inmate G., Tucker reacted by

telling inmate G that he should not smack people, and plaintiff was later moved to a different cell. Plaintiff claims that these actions placed him at an "increased risk of assault by other inmates." In June 2010, plaintiff was assaulted by inmate B in the HCF library, and baldly claims that Tucker's earlier actions "directly contributed" to this assault. He seeks money damages and an injunction against his return to HCF.

The only action described as actually taken by Tucker, his statement to inmate G, accepted as true, does not establish that Tucker was deliberately indifferent to plaintiff's safety. The allegation that plaintiff was moved from his cell suggests the opposite, that protective action was taken. The transfers, which plaintiff baldly alleges were retaliatory, could also have been protective measures. Plaintiff alleges no facts connecting the assault in his cell or in the library with any deliberate indifference on the part of correctional officer Tucker.

**CLAIMS REGARDING DISCIPLINARY ACTIONS**

Plaintiff's allegations that he has been subjected to disciplinary actions in retaliation for litigating civil actions against the KDOC and Tucker, are likewise not substantiated by the few facts he alleges. His allegations that he refused to obey orders, including one to pack for a transfer, indicate that there were legitimate reasons to charge an infraction. They also indicate that he cannot show a necessary element of this claim, that he would not have received the disciplinary sanctions "but for" a retaliatory motive on the part of a named defendant.

Furthermore, an inmate may not seek relief in federal court

based upon a prison disciplinary action unless and until he has had the decision overturned by appropriate means. Mr. Gordon makes no allegation that he appealed the disciplinary actions of which he complains and that they have already been overturned.

**PRIOR OCCASIONS**

Mr. Gordon is no stranger to this court or the state courts. He has previously filed nine actions in federal court, seven of which were civil in nature. He seeks leave to proceed without prepayment of fees in this action. Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

The complaints regarding Mr. Gordon's confinement raised in his original pleadings and his additional allegations in his Motion to Amend appear to be frivolous or to fail to state a federal constitutional claim. Mr. Gordon has repeatedly been informed of the standards for stating a federal constitutional claim, including that he must allege facts showing a federal constitutional violation as well as the personal participation of each named defendant. An inmate, just as any other litigant, is required to pay attention to the relevant legal standards and adhere to the Federal Rules of Civil Procedure, particularly when he has been advised of those standards and rules in court orders in prior cases. The federal

12

court should not be used as a sounding board for any and every prisoner grievance.

The court has examined Mr. Gordon's dismissed civil cases in order to determine if three of his prior dismissals qualify as "strikes" under § 1915(g). The court finds that Mr. Gordon has accumulated the following strikes: (1) <u>Gordon v. Causey, et al.</u>, Case No. 06-3358-SAC (D.Kan. Oct. 31, 2007)(Expressly dismissed after screening, amendment, and supplement, "as stating no claim for relief."); (2) <u>Gordon v. City of Hoisington, Kansas, et al.</u>, Case No. 07-3161-SAC (D.Kan. Nov. 2, 2007)(second dismissal of same claim for lack of subject matter jurisdiction); (3) <u>Gordon v. Werholtz</u>, Case No. 07-3159-SAC (Aug. 20, 2008)(finding made in screening order of failure to state a claim not refuted and case dismissed for failure to prosecute).

### **Case No. 06-3358-SAC**

This strike requires little discussion. Upon screening, the court in this case considered plaintiff's allegations of denial of access and interference with the practice of religion and found they were insufficient to state a viable claim. Plaintiff was given the opportunity to show cause why the action should not be dismissed, and filed pleadings in response including an amendment and supplement of the complaint. The court considered the additional filings and found that no claim for relief was stated. It also found that no proper defendant was ever named despite its prior pertinent orders.

### **Case No. 07-3161-SAC**

This case was submitted on § 1983 complaint forms and plaintiff also alleged "the violation of various federal statutes." He sought

money damages based upon claims that his federal constitutional rights had been violated during ongoing State Child in Need of Care (CINC) proceedings that included the taking of his two children from their home in 2005.

A review of the orders entered in Case No. 07-3161 reveals that, upon screening, the court found that the action was subject to being dismissed for multiple reasons:"first and foremost" the court found that Mr. Gordon was precluded by the Rooker-Feldman doctrine from filing suit in federal court to set aside the state court judgment, and on this basis held that it lacked subject-matter jurisdiction.  Cf. Steele v. Cottey, 234 F.3d 1274, *2 (7th Cir. 2000)(Because the Rooker-Feldman doctrine clearly precludes a lower federal court from reviewing decisions in an ongoing state civil case, plaintiff's lawsuit was "indeed frivolous" and dismissal for lack of jurisdiction based on Rooker-Felder doctrine counted as a strike.)(unpublished)(citing see Alpern v. Lieb, 38 F.3d 933, 934 (7th Cir. 1994)(case barred by Rooker-Feldman doctrine deemed frivolous)).

This court is aware that courts have generally held that a dismissal for lack of jurisdiction does not count as a strike. However, the court believes that this case should be considered a "prior occasion" due mainly to the following exceptional circumstances.  Mr. Gordon was plainly informed in two other cases filed in federal court by him and previously dismissed that the federal district court lacked jurisdiction over his complaints regarding the State CINC proceedings.  Yet he continued to pursue those claims in this third case.  He also filed appeals in two of these cases challenging the state CINC proceedings.

14

Mr. Gordon filed his first case seeking federal intervention in the State CINC proceedings in March 2007: Gordon v. Respondent, 07-3032-SAC (Feb. 28, 2007). Though he styled this pro se action as a habeas petition under 28 U.S.C. § 2241, the relief sought was for federal authorities to take his family into protective custody to prevent future harm from the State CINC proceedings. The court held that, to the extent he was seeking federal intervention or review of State CINC proceedings, it lacked jurisdiction "over the whole subject of domestic relations." Id. at *2. Mr. Gordon appealed this decision, and on July 3, 2007, the Tenth Circuit dismissed the appeal. Gordon v. (FNU)(LNU), App. No. 07-3098 (July 5, 2007).

Nevertheless, in June, 2007, three months after the dismissal order in 07-3032, Mr. Gordon attempted to remove the pending state CINC proceedings to federal court, which resulted in the opening of Gordon v. State, 07-3166-SAC. At the same time he filed the separate civil rights action, Gordon v. City of Hoisington, 07-3161-SAC, in which he sought money damages from the judges, attorneys and others involved in the State CINC proceedings.

The court entered its order of remand in 07-3166 on November 2, 2007. The remand order plainly informed Mr. Gordon for the second time that the federal district court lacked jurisdiction over his claims regarding the CINC proceedings. Mr. Gordon appealed this decision, despite the fact that a remand order for lack of jurisdiction is non-appealable under 28 U.S.C. § 1447(d). The appeal was dismissed by the Tenth Circuit on December 17, 2007. Gordon v. State, App.No. 07-3346 (10th Cir. Dec. 7, 2007).

On February 7, 2008, the court entered a screening order in Case No. 07-3161. Therein, the court recalled that on November 2,

15

2007, it had remanded Mr. Gordon's "attempt to remove" the same State CINC proceedings to the federal courts (citing 07-3166-SAC). Nevertheless, Mr. Gordon pursued this third action on claims over which he had already been plainly informed that the federal court lacked jurisdiction.

In addition, the court in Case No. 07-3161, found additional grounds in the body of its screening order for summary dismissal. It also ruled that even if subject matter jurisdiction were established, plaintiff's claims for damages against the named defendants, which included state court judges, the State of Kansas, and a state worker, among others, were barred by immunity, including Eleventh Amendment, judicial, and prosecutorial, and that his claims against appointed attorneys stated no cognizable federal claim. See Jones v. Smith, 109 Fed.Appx. 304, 310 (10th Cir. 2004)[2](Affirming dismissal of several claims on various grounds including state law IIED claim dismissed on ground that court lacked subject matter jurisdiction and designation of the entire dismissal as one strike under § 1915(g))(unpublished case cited for persuasive reasoning rather than precedential value); see also Hafed v. Federal Bureau of Prisons, 635 F.3d 1172 (10th Cir. 2011)("Our determination that a particular dismissal constitutes a strike is not formalistic or mechanical; rather, we must consider the nature of the dismissal and, if the district court did not make it clear, whether the dismissal fits within the language of § 1915(g).").

For the foregoing reasons, the court finds that the dismissal in 07-3161 was not simply one for lack of jurisdiction, and that

---

[2] Unpublished opinions are not cited as binding precedent but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

this action was an abuse of Mr. Gordon's in forma pauperis status.

**Case No. 07-3159-SAC and the <u>Gordon v. Leaming</u> cases**

Plaintiff has filed several other cases that were screened by the court and found to be frivolous. The court believes that at least one of these cases should count as a strike. In three of his earliest cases, <u>Gordon v. Leaming, et al.</u>, Case No. 94-3310, Case No. 94-3522, and Case No. 96-3401, the plaintiff filed § 1983 complaints that the court screened and expressly found were frivolous. However, plaintiff thereafter failed to respond to the court's orders to show cause why the cases should not be dismissed as frivolous. As a result, the actions were eventually dismissed for lack of prosecution. See <u>Hafed</u>, 635 F.3d at 1179 (citing with approval: <u>Thompson v. Drug Enforcement Administration</u>, 492 F.3d 428, 433 (D.C. Cir. 2007)("[T]he D.C. Circuit held that a dismissal for failure to prosecute was a strike where the circuit court had previously declared the appeal frivolous when it denied the prisoner's motion to proceed ifp. The D.C. Circuit rejected as "hypertechnical" the prisoner's argument that the appeal was "formally dismissed . . . for failure to prosecute, rather than for frivolousness[, because b]ut for the judge declaring it frivolous, [the prisoner's] appeal would have gone forward."). In these cases, Mr. Gordon left uncontested the court's findings in its screening orders that his claims were frivolous or failed to state a claim.

Then in Case No. 07-3159-SAC, plaintiff repeated his pattern. He filed a complaint similar to the instant and prior ones, raising multiple claims including denial of court access, challenges to disciplinary proceedings, and denial of his right to practice

religion.  In the court's screening order, he was informed of the standards for stating such claims, that his claims were conclusory, and was ordered to show cause why his amended and supplemented complaint should not be dismissed for failure to state a claim. This time, plaintiff filed two responses, the second of which does not appear to have been relevant to 07-3159.  Due to the return of plaintiff's mail in another of his then-pending cases, the court ordered plaintiff to provide a current address and show cause why 07-3159 should not be dismissed for lack of prosecution.  This order was mailed to plaintiff, but also returned to the court.  The case was then technically dismissed for failure to prosecute.

The court finds from these records that while a prisoner and prior to filing this action, Mr. Gordon has, on 3 or more prior occasions, *filed* civil actions or appeals in a court of the United States, each of which was found to be frivolous or to have failed to state a claim upon which relief may be granted (emphasis added).  As a consequence, the filing restrictions imposed in § 1915(g) appear to be applicable to this case.  See Jennings v. Natrona County, 175 F.3d 775, 780 (10th Cir. 1999).

The only exception to the prepayment requirement of § 1915(g) is for the prisoner that makes specific, credible allegations that he is under imminent danger of serious physical injury at the time the complaint is filed.  The court has reviewed the allegations made by Mr. Gordon thus far in his pleadings and finds none that suggest he is in imminent danger of serious physical injury.

Mr. Gordon has repeatedly stated that he is not an attorney and is not sure how to proceed.  The filing of any action in federal court results in the expenditure of scarce judicial resources.  As

noted, a federal civil rights complaint should not be utilized, even by those without legal expertise, as a way to air general grievances. Plaintiff's lack of legal training does not prevent him from following orders of the court and adhering to legal standards and rules of which he has been apprised.

Mr. Gordon is granted time to show cause why his previously dismissed cases discussed herein should not be counted as strikes and why the provisions of § 1915(g) should not apply to this action. If plaintiff does not show good cause within the time allotted, he may be required to pay the full filing fee before this action may proceed further.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 4) is granted.

**IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days in which to:

(1) submit a certified statement of his inmate account for the six-months preceding the filing of this action;

(2) submit a properly completed First Amended Complaint upon court-provided forms with the number of this case written upon the first page, that contains all claims and allegations that he intends to pursue in this action, and that cures the deficiencies discussed herein;

(3) show cause why his previously-dismissed cases discussed herein should not be treated as strikes pursuant to 28 U.S.C. §1915(g), and he should not be required to submit the $350.00 filing fee in full before this action may proceed further.

The clerk is directed to send plaintiff forms for filing a §

1983 complaint.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2012, at Topeka, Kansas.

                                        s/Sam A. Crow
                                      U. S. Senior District Judge