```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**WILLIS GORDON,**

                  **Plaintiff,**

        v.                        CASE NO.   11-3156-SAC

**RAY ROBERTS,**
**et al.,**

                  **Defendants.**

## O R D E R

On January 11, 2011, this court screened the pleadings and motions filed herein by plaintiff and entered a lengthy Memorandum and Order finding that plaintiff's allegations failed to state a claim. The court granted plaintiff's Motion for Leave to Amend his Complaint, noting that he could file an Amended Complaint without leave of court. However, the court explained the proper procedure for submitting an Amended Complaint and held that the motion to amend was improperly submitted without a complete, proposed Amended Complaint attached. The court expressly held that it would not construe any part of plaintiff's Motion for Leave to Amend as his First Amended Complaint, and found that the allegations in the motion were not upon forms for filing a § 1983 complaint and were otherwise deficient in several respects. The court set forth the several deficiencies it found in plaintiff's allegations in his original complaint as well as in his motion to amend, and ordered plaintiff to submit a complete First Amended Complaint upon court-approved forms that cured those deficiencies. Plaintiff was also given time to submit a certified copy of his inmate account statement in support of his motion to proceed without prepayment of

fees. He was forewarned that if he failed to comply with these orders within the allotted time, this action would be dismissed.

In addition, the court examined several of Mr. Gordon's prior civil cases that had been dismissed in order to determine if three qualified as "strikes" under 28 U.S.C. § 1915(g). The court found that Mr. Gordon, while a prisoner and prior to filing this action, had on 3 or more prior occasions filed civil actions or appeals in a court of the United States, each of which was found to be frivolous or to have failed to state a claim upon which relief may be granted. The court thus determined that the filing restrictions imposed in § 1915(g) appeared to be applicable to this case. Plaintiff was informed that the only exception to the prepayment requirement of § 1915(g) is for the prisoner that makes specific, credible allegations that he is under imminent danger of serious physical injury at the time the complaint is filed, and held that none of the allegations made by Mr. Gordon thus far in his pleadings suggested he is in such danger. Mr. Gordon was granted time to show cause why his previously dismissed cases discussed in the court's screening order should not be counted as strikes and why the provisions of § 1915(g) should not apply to this action. He was forewarned that if he did not show good cause within the time allotted, he could be required to pay the full filing fee before this action may proceed further. Mr. Gordon was given thirty (30) days in which to: (1) submit a certified statement of his inmate account for the six-months preceding the filing of this action; (2) submit a proper, complete First Amended Complaint upon court-provided forms containing all claims and allegations that he intends to pursue in this action and that cures

the deficiencies discussed in the screening order; (3) show cause why his previously-dismissed cases discussed herein should not be treated as strikes pursuant to 28 U.S.C. §1915(g), and show cause why he should not be required to submit the $350.00 filing fee in full before this action may proceed further.

The time in which Mr. Gordon was required to comply with these orders of the court has expired, and the only thing he has submitted is his second Motion to Proceed Without Prepayment of Fees upon forms together with the certified copy of his inmate account statement. He has not filed an Amended Complaint that cures the deficiencies discussed in the screening order. Nor has he made any attempt to show cause why his prior dismissals discussed by the court should not be treated as strikes. In addition, he has alleged no reason for him to avoid designation as a three strikes litigant and up-front payment of the full filing fee in this case.

"Rule 41(b) (of the Federal Rules of Civil Procedure) authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute as well as for failure to comply with the Federal Rules of Civil Procedure or 'a court order'." Young v. U.S., 316 Fed.Appx. 764, 771 (10th Cir. Mar. 12, 2009)(unpublished case cited as persuasive, not controlling, authority)(citing Fed.R.Civ.P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions sua sponte when one of these conditions is met." Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not

3

obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." Id. at 771-72 (citations omitted).

The court dismisses this action on account of plaintiff's failure to comply with orders of the court entered on January 11, 2012. The court further finds that plaintiff is a three-strikes litigant, and has still not shown that he is in imminent danger of serious physical injury. Accordingly, the court denies plaintiff's motion to proceed without prepayment of fees.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 & 6) are denied, and that this action is dismissed and all relief is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge